IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHALIKH ARIF, and ) | |
| All Others Similarly Situated, ) | Civil Action |
| ) | File No. 4:20-cv-02704 |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) | |
| OMAIR BASHIR; ET AL. ) | Jury Demanded |
| ) | |
| ) | |
| *Defendants*. ) | |
| _____ ) | |

**DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) 12 (b) (4), (5) and 12(b)(6)**

Defendants move to dismiss all of the claims asserted against them by Plaintiff Arif. The claims against the individual Defendant, Omair Bashir, (hereinafter "Mr. Bashir") should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and also be dismissed pursuant to Rule 12(b)(1) because Plaintiff improperly joined him as a defendant and therefore the Court lacks subject matter jurisdiction over such claims.

As for the remaining Defendants, Plaintiff has no grounds upon which to support an "enterprise" because although tangentially related to Mr. Bashir, he had no control over the employer and Plaintiff cannot support that he had any control over the other Defendants making the claims against the other 21 Defendants spurious. All claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

Similarly. Mr. Bashir was not the registered agent or officer of these companies, making service improper and insufficient in accordance with FRCP 12(b)(4) and (5).

In support of this Motion, Defendants respectfully state as follows:

## INTRODUCTION

This is a straightforward claim for alleged unpaid overtime in accordance with the Fair Labor Standards Act. ("FSLA"), 29 U.S.C. Section 201, *et. seq.* brought by Plaintiff against a multitude of parties unrelated to Plaintiff's former employer, assumed but not confirmed to be Breaktime Stores 32, LLC. (hereinafter "Breaktime 32").[1]  Even assuming if his claims were supportable, the only viable Defendant is his employer.

The individual Defendant, Mr. Bashir, was unrelated to Breaktime 32 at the time of Plaintiff's employment.[2]  Simply, although at one point in time, Mr. Bashir may have been connected to the LLC; he was not at the relevant time of Plaintiff's employment and the company sued had leased the property to another/tenant.  Mr. Bashir had no control over the daily operations of the station/store and had no knowledge of Plaintiff nor did he handle decisions related to compensation.  Since the "core" claim against Mr. Bashir must fail, the claims against all others *as an enterprise* must fail as well.  Clearly, Plaintiff conducted an internet search to find all entities Mr. Bashir may have been related to in the past and sued them all [just because].  The Court should not countenance such gamesmanship and these cases should be dismissed in accordance with FRCP Rule 12(b)(1) and 12(b)(6).  They also should be dismissed because all companies sued were served upon Mr. Bashir and he was not the agent/President of the companies sued – FRCP 12(b) (4) and (5) prevent such, and the claims should be dismissed.

---

[1] Breaktime 32 denies that any of Plaintiff's FSLA complaints have merit or are warranted and contemporaneous with this Motion, Defendant Breaktime Stores 32, LLC has filed its Original Answer to Plaintiff's Complaint.

[2] In an effort to blur the lines of his allegations, Plaintiff does not specifically allege which Defendant entity was his actual employer; only that the store in which he allegedly worked as a clerk was "Breaktime" located at "6530 W. 43rd Street . . ."  Complaint at p. 14.  This location is Breaktime 32, a separate LLC from each of the other named corporate Defendants.

**STATEMENT OF THE ISSUES**

The issues presented by this motion are whether (i) the Petition must be dismissed as to all the Defendants under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a plausible entitlement to relief against each and all of them on his claims under the FSLA; and (ii) Plaintiff improperly joined Mr. Bashir, despite the inability to establish a cause of action against him, requiring the dismissal of those claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Finally, (iii) Plaintiff has failed to properly serve the Defendants because Mr. Bashir is not their reported agent with the Texas Secretary of State.

**THE STANDARD**

The federal pleading standard "demands more than 'labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015) (quoting *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff," *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012), the complaint must contain "sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ARGUMENT

### Plaintiff Fails to Plead a Plausible Cause of Action under the FLSA.

Plaintiff alleges that he worked for the "enterprise" as a store clerk and was not paid for overtime. Plaintiff's Complaint fails to specify which Defendant employed him, how they "denied" him his alleged overtime, who his supervisor was at the time, and why he waited over 3 years to bring his suit.

Similarly, Plaintiff cannot establish that the individual Defendant, Mr. Bashir, had any operational connection over the location or even knew Plaintiff. Mr. Bashir certainly had no control over the day to day operations of any of the companies sued and certainly had no say in the payment of the employees – and absolutely not Plaintiff. Indeed, Mr. Bashir had leased the location to a tenant. The "enterprise" allegation is improperly pled and has no basis in reality; without a claim against Mr. Bashir all the other claims fail. Plaintiff simply sued a laundry list of companies Mr. Bashir may be or may have been related to and such is not proper in our jurisprudence. Not even in an alleged FSLA case.

If we apply the standard, even "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff," *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012), the complaint must contain "sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), Plaintiff has failed and this is simply a "shakedown".

## CONCLUSION

Plaintiff has not asserted a plausible entitlement to relief against any of the Defendants. Accordingly, this Court (i) must dismiss the claims against the Defendant Parties for failure to state a claim upon which relief can be granted under Rule 12(b)(6); (ii) must dismiss the claims against

Mr. Bashir both under Rule 12(b)(1) and (6); and, should dismiss for improper service and insufficiency of service of process.

      Respectfully submitted,

/s/ Jerry C. von Sternberg
Jerry von Sternberg
State Bar No. 20618150
Miri & Associates. P.C.
3730 Kirby Dr., Suite 777
Houston, Texas 77098
Telephone: (713) 333-5704
Facsimile: (281) 974-1448
Email: jerry@mirilawfirm.com

***Attorney for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that I have served all counsel of record electronically, pursuant to Rule 5(b)(2), as noted below on the 12th day of November, 2020:

By CM/ECF

 

 

_____

**Jerry C. von Sternberg**