United States District Court
Southern District of Texas
**ENTERED**
March 10, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAIKH ARIF, INDIVIDUALLY AND | § | |
| ON BEHALF OF OTHERS SIMILARLY SITUATED, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No.: 4:20-cv-2704 |
| | § | |
| OMAIR BASHIR, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This Fair Labor Standards Act (FLSA) case is before the Court on Defendants' Motion to Dismiss Plaintiff's Original Complaint.[1]  ECF 8.  Plaintiff has filed a First Amended Complaint (ECF 12) and a Response to the pending Motion to Dismiss (ECF 13).[2]  Having considered the parties' submissions and the law, the Court recommends that the Motion to Dismiss be granted in part and denied in part and Plaintiff be given leave to amend.[3]

### I.      Background

Plaintiff worked as a cashier at a convenience store.  Plaintiff contends that he and other hourly employees of Defendants worked in excess of 40 hours per week without payment for overtime in violation of the FLSA, 29 U.S. C. § 201, et seq.  He alleges that all Defendants are

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 9.

[2] The Court notes that the Motion to Dismiss was filed prior to Plaintiff's First Amended Complaint and thus does not specifically address the sufficiency of the allegations in Plaintiff's operative pleading.  However, in the interests of judicial economy, the Court has determined that it should address Defendants' legal arguments in light of the First Amended Complaint and that denial of the pending Motion to Dismiss as moot would be inappropriate given that it purports to raise jurisdiction and service issues.

[3] Breaktime 32, LLC has filed an Answer and admits it employed Plaintiff at some point. ECF 7 ¶ 15.  It appears that the Motion to Dismiss was filed on behalf of all Defendants ***except*** Breaktime 32 LLC.  ECF 8 at 2 n.1.

engaged in a single, integrated enterprise and all constitute his joint employer for purposes of the FLSA.  He alleges that individual Defendant, Omair Bashir, is the owner or operator of all named business entities.  Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6).

## II.      Motion to Dismiss Legal Standards

Rule 12(b)(1) authorizes a Defendant to move to dismiss a case for lack of subject matter jurisdiction.  When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018).  The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014).  If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

"A party may raise insufficient process or insufficient service of process by moving to dismiss under Rules 12(b)(4) or 12(b)(5)." *Crittendon v. Texas Dep't of Health & Human Servs.*, No. CV H-19-1624, 2019 WL 5927261, at *2 (S.D. Tex. Nov. 12, 2019); *Hopson-Lloyd v. Jones*, No. 9:18-CV-00211, 2019 WL 2383480, at *2 n.1 (E.D. Tex. Mar. 28, 2019), report and recommendation adopted, No. 9:18-CV-00211, 2019 WL 2371862 (E.D. Tex. June 4, 2019) ("To provide a procedural framework, Federal Rule of Civil Procedure Rule 12(b)(4) is the proper challenge when it is alleged that the summons and complaint do not properly name the party on

whom the summons and complaint is served.  Rule 12(b)(5) is the proper challenge when the wrong party is served with an otherwise proper summons and complaint." (citation omitted)).  The process server's return of service is generally accepted as prima facie evidence that service was proper.  *Crittendon*, 2019 WL 5927261, at *2.  If a defendant raises a Rule 12(b)(5) challenge, it is the plaintiff's burden to prove that service was proper.  *Hicks v. Dallas Cty. Community Colleges*, Civil Action No. 3:17-CV-809, 2018 WL 2271174 * 3 (N.D. Tex. April 25, 2018); *Kruger v. Hartsfield*, Civil Action No. 3:17-CV-01220, 2018 WL 2090743 *2 (N.D. Tex. April 13, 2018).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

## III.    Analysis

### A.  Motion to Dismiss for Improper Service

The Court first addresses Defendants' Rule 12(b)(4) and 12(b)(5) arguments asserting insufficient service of process.  The Defendants have not asserted any defect in the summonses but argue that service on Bashir is not effective service on the company Defendants.  *See* ECF 8. In response, Plaintiff has presented evidence from the Texas Secretary of State that Bashir is the sole member or shareholder of each Defendant company, as well as Registered Agent or President

(or both) of each.  ECF 12-1.  Plaintiff has filed an executed return of service for each Defendant

evidencing personal service of the complaint and summons on Bashir.  ECF 6.  Defendants have

presented no evidence to contradict Plaintiff's evidence.  Defendant represents that he "may have

been connected" to Breaktime 32 LLC at some point but was not affiliated with the LLC at the

time of Plaintiff's employment.  ECF 8 at 2.  Defendant presents no evidence to support that

representation and does not affirmatively represent that he is not currently affiliated with

Breaktime 32 or any other Defendant.  *See* ECF 8 at 1 (Bashir "*was* not the registered agent or

officer of these companies" (emphasis added)).   Whether Defendants qualify as Plaintiff's

employer is relevant to the merits of Plaintiff's claim, not to the sufficiency of service.  Plaintiff

has shown compliance with Rule 4.  Therefore, the motion to dismiss pursuant to Rules 12(b)(4)

and 12(b)(5) should be denied.

## B.  Motion to Dismiss for Failure to State a Claim

For purposes of their motion pursuant to Rule 12(b)(1)[4] and 12(b)(6) Defendants argue that

Plaintiff's claims must be dismissed because the FLSA creates a cause of action only against an

employer.  Defendants appear to argue that only Breaktime 32 employed Plaintiff, and all other

Defendants, including Bashir, must be dismissed because Plaintiff cannot state a claim against

---

[4] The issues of whether a defendant is an employer and an "enterprise engaged in commerce" are elements of an FLSA plaintiff's cause of action and are not jurisdictional.  *Biziko v. Van Horne*, 981 F.3d 418, 421 (5th Cir. 2020)..; *Villamizar v. Action Landscaping, Inc.*, No. 4:14-CV-02762, 2015 WL 338947, at *2 (S.D. Tex. Jan. 23, 2015); *Cataldie v. Seaside Healthcare Sys.*, LLC, No. CV 19-195-SDD-EWD, 2020 WL 1433538, at *4 (M.D. La. Mar. 23, 2020) ("Courts have categorized challenges to alleged employment relationships as challenges to the elements of the cause of action rather than issues of standing. Consequently, Defendants' Motion is therefore construed as a Rule 12(b)(6) motion to dismiss and shall be considered under that standard.").  Defendants do not argue that Plaintiff lacks standing to bring his claims.  *See* ECF 8. An issue of standing, and thus jurisdiction, may arise where a plaintiff seeks to bring a collective action on behalf of individuals with whom he does not share an employer.  *See Lucas v. BMS Enterprises, Inc.*, No. 309-CV-2159-D, 2010 WL 2671305, at *3 (N.D. Tex. July 1, 2010) ("a named plaintiff in a collective action has adequately pleaded standing against a particular defendant only if the plaintiff has alleged an injury that the defendant caused to him."); *see also McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 807 (S.D. Tex. 2010) (declining to certify collective action as to clubs affiliated with defendants that did not have any current or former employees participating in the litigation).  Here, the Court interprets the First Amended Complaint as alleging, albeit insufficiently, that all Defendants were his own joint employers, as well as joint employers of all potential plaintiffs.

them as a matter of law.  *See* ECF 8.  Plaintiff responds that he has alleged that all Defendants were engaged in an integrated enterprise and were his joint employers.  ECF 13 at 6-9.

The FLSA requires that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" a minimum wage and overtime pay.  29 U.S.C.A. § 206(a); § 207(a).  Thus, the elements on an FLSA overtime claim are:  "(1) an employee-employer relationship; (2) coverage, i.e., an employee or enterprise-employer that engages in commerce or in the production of goods for commerce; and (3) a workweek that exceeds forty hours."  *Biziko v. Van Horne*, No. 1:16-CV-0111-BP, 2019 WL 3928575, at *6 (N.D. Tex. Aug. 20, 2019), report and recommendation adopted, No. 1:16-CV-111-C, 2019 WL 4192458 (N.D. Tex. Sept. 4, 2019), aff'd, 981 F.3d 418 (5th Cir. 2020); *see also Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (stating elements of plaintiff's FLSA case).  The two issues raised by the pending motion are "employer" status and "enterprise" coverage.  FLSA plaintiffs sometimes conflate the two issues.  *See Bizikio*, 2019 WL 3928575, at *12 (plaintiff "is not the first to conflate the two issues" of employer and enterprise); *see also Martin v. Bedell*, 955 F.2d 1029, 1032–33 (5th Cir. 1992) ("Applying the words 'employer', 'establishment', and 'enterprise' under the FLSA can be confusing.").

Under the FLSA, "[t]he question of whether two defendants constitute an enterprise . . . speaks to the requirement that the plaintiff's employer be engaged in commerce, not to whether certain defendants are joint employers under the FLSA."  *Austin v. Onward, LLC*, No. 3:14-0350, 2015 WL 12940029, at *6 (S.D. Tex. Apr. 2, 2015) (citations omitted).  Therefore, "the 'enterprise' question goes to coverage under the FLSA, while the 'joint employer' issue goes to liability."  *Id.*; *Biziko*, 2019 WL 3928575, at *12. The "integrated enterprise" theory of the Title VII case cited

by Plaintiff, *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983), does not apply to determining whether a defendant qualifies as an "employer" under the FLSA. *Joaquin v. Coliseum Inc.*, No. A-15-CV-787-LY, 2016 WL 3906820, at *5 (W.D. Tex. July 13, 2016) ("the theory plaintiffs call the 'single integrated enterprise' or 'single employer' theory is in fact not recognized as being applicable to determining who the 'employer' is for FLSA cases"), report and recommendation approved sub nom. *Joaquin v. Hinojosa*, No. A-15-CV-787-LY, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016).

Defendants' motion challenges Plaintiffs' ability to satisfy the first element of an FLSA claim—the employee-employer relationship. Defendants do not challenge the second element— whether the Defendants qualify as an enterprise which is covered by the requirements of the FLSA. *See* ECF 8. An "employer" under the FLSA is any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). It is clear that an FLSA plaintiff can have more than employer. 29 C.F.R. 791.2. In addition, under the FLSA an employer may be "an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Austin*, 2015 WL 12940029, at *4; *see also Biziko v. Van Horne*, No. 1:16-CV-0111-BP, 2019 WL 3928575, at *9 (N.D. Tex. Aug. 20, 2019)("business owners in addition to shareholders, officers, or members who have operational control over employees may be liable under the FLSA."), report and recommendation adopted, No. 1:16-CV-111-C, 2019 WL 4192458 (N.D. Tex. Sept. 4, 2019), aff'd, 981 F.3d 418 (5th Cir. 2020); *Solis v. Universal Project Mgmt., Inc.*, No. CIV.A. H-08-1517, 2009 WL 4043362, at *3-4 (S.D. Tex. Nov. 19, 2009) (individuals with managerial responsibility or substantial control of the terms and conditions of employment may be liable under the FLSA); 29 C.F.R. § 791.2(d)(1) ("A joint

employer may be an individual, partnership, association, corporation, business trust, legal representative, public agency, or any organized group of persons"). Whether or not multiple parties are a plaintiff's joint employers is governed by 29 C.F.R. 791.2 and *Gray v. Powers,* 673 F.3d 352, 355 (5th Cir.2012).[5]   Prior to March 16, 2020, 29 C.F.R. 791.2(b)(3) provided "a joint employment relationship generally will be considered to exist" . . . "Where the employers are not completely disassociated *and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls*, is controlled with respect to the employment of a particular employee by, or is under common control with the other employer." 29 C.F.R. § 791.2(b)(3) (emphasis added) (in effect prior to March 16, 2020). Pursuant to *Gray*, in order to determine whether an entity exercised sufficient control over an employee to be deemed a joint employer, courts evaluate whether the alleged joint employer:  "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 673 F.3d at 355.

Plaintiff makes only conclusory allegations that the numerous companies he has named as Defendants were joint employers. He alleges: "Defendants are an integrated enterprise. Because the Defendants collectively acted, directly or indirectly, in the interest of the employer with respect to each employee in the Plaintiff Class, the Defendants collectively were the employer of the members of the Plaintiff Class.." ECF 12, ¶ 36. He further alleges: "as employers the Defendants are not completely disassociated with respect to the employment of members of the Plaintiff Class

---

[5] The current version of 29 C.F. R. § 791.2, titled "Determining Joint Employer Status Under the FLSA," effective March 16, 2020, expressly incorporates the four-factor economic realities test set forth in *Gray*, adding "[a]dditional factors may be relevant for determining joint employer status in this scenario, but only if they are indicia of whether the potential joint employer exercises significant control over the terms and conditions of the employee's work." 29 C.F.R. § 791.2(b).

7

and are thus deemed to share control of these employees, directly, or indirectly, by reason of the fact that the Defendants are under common control with each other. 29 C.F.R. § 791.2(b)(3)." ECF 12, ¶ 45.

For purposes of this motion to dismiss, the Court need not accept as true Plaintiff's conclusory allegations regarding Defendants' legal status as joint employers. *Iqbal*, 556 U.S. at 678-79. In addition, Plaintiff's allegations do not satisfy the joint employer test set forth in *Gray* and 29 C.F.R. § 791.2. *See Biziko*, 2019 WL 3928575, at *14 (the court "applies the economic reality test to determine whether the entities qualify as employers under the FLSA, and if so, whether they are properly considered to be joint employers under the facts of this case, including the factors set out in § 791.2.").[6] Plaintiff has failed to allege facts demonstrating how each defendant, other than Breaktime 32 and Omair Bashir, shared control *with respect to his employment.* The fact that Defendants engaged in an enterprise does not automatically transform them into joint employers of the Plaintiff. *Biziko*, 2019 WL 3928575, at *10 ("A single enterprise may be 'operated by one or more employers' or 'composed of a number of establishments.' Furthermore, 'a single employer may operate more than one enterprise' and an 'enterprise' may not be 'coextensive with the entire business activities of an employer.'" (citations omitted)). In cases where a plaintiff alleges more than one employer, the Court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Gray*, 673 F.3d at 355.

---

[6] In *Seong Song v. JFE Franchising, Inc.*, 394 F. Supp. 3d 748, 755 (S.D. Tex. 2019), the district court applied the following joint employer test announced by a pre-*Gray* panel of the Fifth Circuit in *Wirtz v. Lone Star Steel*, 405 F.2d 668, 669-70 (5th Cir. 1968): "(1) Whether or not the employment takes place on the premises of the company?; (2) How much control does the company exert over the employees?; (3) Does the company have the power to fire, hire, or modify the employment condition of the employees?; (4) Do the employees perform a 'specialty job' within the production line?; and (5) May the employee refuse to work for the company or work for others?" Plaintiff's pleading fails to satisfy that test, too.

The Court finds that Plaintiff has stated a claim for an FLSA overtime violation by Breaktime 32[7] and Bashir.  Plaintiff expressly alleges that he was employed as a clerk at the Breaktime store at 6530 W. 43rd Street, Houston, Texas 77092, which Defendants have confirmed is owned and operated by Breaktime 32 LLC, and that he worked at the Breaktime store more than 40 hours per week without overtime pay.  ECF 12, ¶ 67; ECF 8 at 2, n.2.  Plaintiff also makes sufficient factual allegations regarding Omair Bashir's control of the terms and conditions of his employment to state a plausible FLSA claim against Bashir individually as his joint employer. *See Biziko*, 2019 WL 3928575, at *9; *See, e.g.,* ECF 12 ¶¶ 50-51, 59, 67 (Bashir is the owner and operator of all defendant entities and set wage and overtime policies for all defendant entities. Bashir's brother-in-law managed the Breaktime store and paid Plaintiff in cash).  Therefore, the Court recommends that the Motion to Dismiss be denied as to Bashir and Breaktime 32 LLC.

However, the Court finds that the allegations in the First Amended Complaint do not state a plausible claim for an FLSA overtime violation by any Defendant other than Bashir and Breaktime LLC.  Therefore, the Court recommends that Defendants' Motion to Dismiss be granted as to Defendants other than Breaktime 32 and Bashir, but that Plaintiff be granted leave to file, if he can do so in good faith, an amended complaint asserting facts sufficient to support a finding that each entity was his joint employer.[8]

## IV.    Conclusion and recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 8) be DENIED as to Bashir and Breaktime 32 LLC and GRANTED as to all

---

[7] Again, it appears Breaktime 32 did not actually join in the Motion to Dismiss but the Court includes it here for clarity.

[8] Courts generally should give a Plaintiff an opportunity to amend a deficient pleading unless the court finds that doing so would be futile.  *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019).

remaining Defendants without prejudice to Plaintiff's filing a Second Amended Complaint within 14 days of entry of any order adopting this Memorandum and Recommendation.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on March 10, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge